1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11

12  SHAUN OWENS,                      NO. CIV. 2:12-419 WBS JFM

13          Plaintiff,
                                      MEMORANDUM AND ORDER RE:
14      v.                            MOTION FOR LEAVE TO AMEND

15  WALGREEN CO. and DOES 1
    through 100, inclusive,
16
            Defendant.
17  _____/

18

19                              ----oo0oo----

20          Plaintiff Shaun Owens brought this action against

21  defendant Walgreen Co. ("Walgreen") arising out of defendant's

22  allegedly discriminatory employment practices on the basis of

23  plaintiff's race.  Presently before the court is plaintiff's

24  motion for leave to file a Second Amended Complaint ("SAC")

25  pursuant to Federal Rule of Civil Procedure 15(a)(2).  The

26  proposed SAC reasserts claims under California's Fair Employment

27  and Housing Act ("FEHA") and alleges additional claims under 42

28  U.S.C. § 1981.  (Pl.'s Mot. for Leave to File SAC, Ex. A ("SAC")

                                    1

1  (Docket No. 16).)

2  I.   <u>Factual and Procedural Background</u>

3         In August 2007, defendant Walgreen hired plaintiff as a

4  manager in training ("MGT").  (FAC ¶ 9.)  Plaintiff alleges that

5  during his time as an employee, defendant discriminated against

6  him and harassed him based on his race and that his subsequent

7  termination was also based on his race.  (<u>See</u> FAC ¶¶ 8-58.)

8  Defendant terminated plaintiff's employment on April 19, 2009.

9  (<u>Id.</u> ¶ 55.)

10        On December 22, 2011, plaintiff filed a complaint in

11 state court alleging seven causes of action under California's

12 FEHA.  (Notice of Removal, Ex. A ("Compl.") (Docket No. 1).)

13 Defendant removed the action to federal court, (Notice of Removal

14 (Docket No. 1)), and on April 9, 2012, the court granted

15 defendant's motion to dismiss with leave to amend, (Apr. 9, 2012,

16 Order at 16:25-28 (Docket No. 12).)  On April 27, 2012, plaintiff

17 filed his First Amended Complaint ("FAC"), reasserting one

18 discrimination claim on the basis of race under FEHA.  (Docket

19 No. 13.)

20        On May 15, 2012, plaintiff moved for leave to file a

21 SAC.  (Docket No. 16.)  Plaintiff's proposed SAC alleges five

22 causes of action under California and federal law: (1)

23 Discrimination based on Race (FEHA), (2) Racial Harassment and

24 Discrimination (42 U.S.C. § 1981), (3) Retaliation (42 U.S.C. §

25 1981), (4) Failure to Prevent Harassment and Retaliation (FEHA

26

27

28

2

and 42 U.S.C. § 1981),[1] and (5) Wrongful Termination in Violation of Public Policy.

II.  <u>Discussion</u>

       A motion to amend is subject to Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  There is no "good cause" requirement as in Rule 16 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 16(b); <u>see</u> <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  Whether to grant leave to amend is within the discretion of the district court. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

       The court must evaluate the request to amend the FAC in light of Rule 15(a)'s liberal standard. <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990) (holding that this policy is to be applied with "extreme liberality"). Under Rule 15(a), there exists a presumption in favor of granting leave to amend. <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).  Leave to amend should be granted unless amendment: (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, (4) or is futile. <u>Chudacoff v. Univ. Med. Ctr. of S. Nev.</u>, 649 F.3d 1142, 1153 (9th Cir. 2011) (citing <u>Foman</u>, 371 U.S. at 182).

       "Unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend

_____

       [1]    In his Reply, plaintiff concedes that 42 U.S.C. § 1981 is not a proper basis for his fourth claim for failure to prevent harassment and retaliation.  (Pl.'s Reply at 8:1-5 (Docket No. 20).)

its complaint." <u>Duhn Oil Tool, Inc. v. Cooper Cameron Corp.</u>, 609
F. Supp. 2d 1090, 1092 (E.D. Cal. 2009) (quoting <u>Howey v. United</u>
<u>States</u>, 481 F.2d 1187, 1190 (9th Cir. 1973)).  Prejudice is the
touchstone of the inquiry whether a motion to amend should be
granted under Rule 15(a).  <u>Id.</u> at 1092-93 (quoting <u>Eminence</u>
<u>Capital</u>, 316 F.3d at 1052). Absent prejudice or a strong showing
of any of the remaining Rule 15(a) factors, there exists a
presumption under Rule 15(a) in favor of granting leave to amend.
<u>Id.</u>

Prejudice exists where amendment will significantly
hinder a defendant's ability to defend against the plaintiff's
claims, as in cases where the defendant has no notice, discovery
has already been completed, or when the amendment will require
relitigation of significant issues.  <u>See</u> <u>Ascon Props., Inc. v.</u>
<u>Mobil Oil Co.</u>, 866 F.2d 1149, 1161 (9th Cir. 1989).  At the time
the instant motion was filed, the court had not yet issued a
scheduling order in this matter, no discovery had occurred, and
no trial date had been set.

Defendant does not argue that it would be prejudiced,
that plaintiff seeks to amend in bad faith, or that undue delay
would result if plaintiff is given leave to amend.  Defendant
opposes plaintiff's motion to amend solely based on futility of
the proposed amendment.  (Opp'n to Mot. for Leave to File SAC at
1 (Docket No. 19).)

Denial of leave to amend on futility grounds alone is
rare.  <u>Netbula v. Distinct Corp.</u>, 212 F.R.D. 534, 539 (N.D. Cal.
2003).  "[A] proposed amendment is futile only if no set of facts
can be proved under the amendment to the pleadings that would

4

constitute a valid and sufficient claim or defense." <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988).

Defendant primarily relies on two bases to demonstrate futility of amendment: (1) that plaintiff's allegations are insufficient to establish a claim, and (2) that the claims are barred by the statute of limitations. (Docket No. 19.)  Under Rule 15(a)'s liberal amendment standard, courts ordinarily "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." <u>Netbula</u>, 212 F.R.D. at 539.  With regard to defendant's statute of limitations argument, plaintiff asserts an equitable tolling claim[2] and also a relation back argument under Federal Rule of Civil Procedure 15(c).  (Pl.'s Reply at 6:18-19 (Docket No. 20).)  The court declines to rule on futility of amendment at this point because the better preferred procedure is to allow amendment and permit the defendant to challenge the pleadings with a motion to dismiss.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file a Second Amended Complaint be, and the same hereby is, GRANTED.

Plaintiff shall file his amended complaint, a copy of which is attached as an exhibit to this motion, within ten days of the date of this order.

---

[2]    In his Reply, plaintiff argues that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.  <u>Elkins v. Derby</u>, 12 Cal. 3d 410 (1974).  <u>But see</u> <u>Mathieu v. Norrel Corp.</u>, 115 Cal. App. 4th 1174, 1189 (2004) (holding that the limitations period was not tolled while plaintiff was pursuing her administrative claim with DFEH).

1        In accordance with his reply brief, plaintiff shall
2   remove 42 U.S.C. § 1981 as a basis for his fourth cause of
3   action, Failure to Prevent Discrimination and Harassment.
4   DATED:    June 19, 2012
5
6   _____
7   WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6